378 A.2d 487

**Edward MANDEL, Appellant,**

v.

**GULF LEASING CORPORATION, Appellee,**

**and**

**Ford Motor Co., Additional Defendant.**

Superior Court of Pennsylvania.

Argued Dec. 9, 1976.

Decided Oct. 6, 1977.

Albert Schlessinger, Philadelphia, for appellant.

William C. Foster, Philadelphia, for appellee.

No appearance entered nor brief submitted for additional defendant.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This case is an appeal from the lower court's order granting defendant-appellee Gulf Leasing Corporation's motion for summary judgment. The facts, as stipulated by the parties, are as follows: Plaintiff-appellant Edward Mandel was an employee of Colony Brokerage Company and Honor Foods, a Pennsylvania corporation. As part of appellant's employment, he was supplied with a Buick automobile which his employer leased from appellee.

On February 26, 1968, appellant delivered the Buick automobile to appellee for routine servicing and adjustment. Appellee provided appellant with a Ford automobile as a substitute. On February 27, 1968, appellant was proceeding in the Ford automobile north on the New Jersey Turnpike. He detected a noise issuing from the rear of the vehicle, and immediately thereafter the brakes and steering became ineffective, rendering the vehicle totally uncontrollable. Appellant sustained injuries when he struck the guardrail on the

right side of the road. Subsequent examination disclosed that the right rear axle shaft, wheel and brake drum assembly had broken away and separated from the vehicle.[1]

Appellant filed a complaint in trespass seeking damages based on theories of strict liability under *Restatement (Second) of Torts* § 402A (1965) and on negligence. Each party filed a motion for summary judgment on the question of whether § 402A applies to this case. The lower court granted appellee's motion, ruling that (1) Pennsylvania law applies to this case, and (2) Pennsylvania does not apply § 402A to lessors.

The lower court's ruling was made without the advantage of the Pennsylvania Supreme Court's decision in *Francioni v. Gibsonia Truck Corp.*, 472 Pa. 362, 370, 372 A.2d 736, 740 (1977), in which that court held that "a supplier of chattels is responsible under a theory of strict liability pursuant to Section 402A, even where a lease arrangement exists." *See also Nath v. National Equipment Leasing Corp.*, 473 Pa. 178, 373 A.2d 1105 (1977).

The order of the lower court is vacated and the case is remanded for further consideration in light of *Francioni v. Gibsonia Truck Corp., supra.*

[1]. For the purposes of the Motions for Summary Judgment, these facts were stipulated between counsel for appellant and appellee, with a reservation of the right to contest these facts at trial.